

# NUMBER 13-10-011-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SEA MIST COUNCIL OF OWNERS,                                    Appellants,
A HOMEOWNERS ASSOCIATION IN
SOUTH PADRE ISLAND, CAMERON
COUNTY, TEXAS AND MICHAEL BOWELL,
RAY L. HUNT, AND NANCY HUNT,

v.

TOWN OF SOUTH PADRE ISLAND
BOARD OF ADJUSTMENTS,                                          Appellees.

## On appeal from the 445th District Court
## of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Vela
### Memorandum Opinion by Justice Vela

Sea Mist Council of Owners, a Homeowners Association in South Padre Island, Cameron County, Texas and Michael Boswell, Ray L. Hunt, and Nancy Hunt ("Sea Mist"), appeal a judgment affirming an action taken by the Town of South Padre Island Board of Adjustments ("Board of Adjustments"), that upheld the Board of Adjustments' decision to provide a building permit and certificate of occupancy to the Palms, and dismissing Sea Mist's declaratory judgment action. By two issues, Sea Mist contends that the trial court erred in upholding the Board of Adjustments' decision and erred in dismissing its declaratory judgment action. We affirm.

## I. BACKGROUND

Sea Mist filed its original petition and application for writ of certiorari on September 13, 2006, complaining of the Board of Adjustments' zoning decision to provide Palms Investment Group, Ltd. and PRM Management Company ("Palms") a building permit to remodel a condominium unit that would become an establishment that would sell food and mixed drinks. Sea Mist also complained that the granting of the permit was in violation of the town's zoning ordinance that defines the uses of property within zoning District "B." Sea Mist claimed that the sale of alcoholic beverages is not allowed in areas zoned as District "B."

Thereafter, Sea Mist filed a motion for summary judgment and declaratory judgment action. In its motion for summary judgment, Sea Mist argued that a café selling mixed drinks is a "de facto nightclub as defined by SPI's [South Padre Island's] zoning ordinance" and should be open only to motel guests and not to the general public. The motion also asked the trial court to declare that the use of the property is illegal and should be restricted to an allowable use only.

2

The trial court entered an order denying Sea Mist's summary judgment motion, dismissing its declaratory judgment action, and affirming the action of the Board of Adjustments that had been taken on September 5, 2006, which affirmed a staff decision regarding the certificate for the sale of alcohol and allowed the permit to build the café.

## II. STANDARD OF REVIEW AND AUTHORITIES

As a quasi-judicial body, the decisions of a zoning board are subject to appeal before a state district court upon application for a writ of certiorari. *See* TEX. LOC. GOV'T CODE ANN. § 211.011 (a), (b) (Vernon 2008); *City of Dallas v. Vanesko*, 189 S.W.3d 769, 771 (Tex. 2006). The district court sits as a reviewing court, and the only question is the legality of the zoning board's order. *Vanesko*, 189 S.W.3d at 771. To prove that an order is illegal, the party attacking the order must present a clear showing of abuse of discretion. *Id.* A zoning board abuses its discretion if it acts without reference to any guiding rules and principles. *Id.* A reviewing court may not put itself in the position of the zoning board and substitute its findings for those of the zoning board. *Christopher Columbus St. Mkt. v. Zoning Bd. of Adjustments of Galveston*, 302 S.W.3d 408, 416 (Tex. App.–Houston [14th Dist.] 2009, no pet.).

## III. ANALYSIS

In Palms' response to Sea Mist's motion for summary judgment, it urged that the Board of Adjustments used its discretion and relied, in part, upon the historical interpretation of the language in the zoning ordinance in reaching its conclusion that a restaurant that sold alcoholic beverages could operate on the premises. Specifically, the Palms admitted into evidence and relies upon section 20-7 of the Code of Ordinances that

3

provided, in part:

> **District "B"- Multi-family dwelling, apartment, motel, hotel, condominium, townhouse district.**
>
> (B) Use Regulations:  In District "B", no land shall be used and no buildings shall be erected for or converted to any use other than:
>
> (1) Single family dwellings, . . . hotels, motels, condominiums and townhouses.  Only condominiums, hotels and motels with more than twelve (12) units may have included within the premises such businesses as cafes, . . . and other similar businesses if such business is for the convenience of the occupants of the building and is definitely an integral part of the services of such hotel, condominium or motel.

[South Padre Island] Code of Ordinances § 20-7(2009).

The Palms also attached a letter from James Mitchim, a building official with the town of South Padre Island, to the Board of Adjustments, stating that the phrases "such businesses as" and "other similar businesses" had historically included "many applications that have had mixed drink permits."  He said that there were several businesses in the "B" district zone that have or had mixed drink permits, and he permitted such uses at other businesses, such as the Surf Motel, The Island Inn, and the Upper Deck.

The evidence presented by the Palms showed that the ordinance has been interpreted to authorize a liquor license on premises, including a hotel, motel, or condominium if it has twelve or more units.  Palms introduced evidence that it was no different than any of the other premises that have historically been used as a bar or restaurant on property zoned as district "B".  There is also nothing in the plain language of the ordinance that would suggest that the sale of liquor on the premises should be prohibited.

4

Sea Mist also argues that the certificate, allowing Palms to serve alcohol, should be revoked because it was inappropriate for the city secretary to certify the area in which alcoholic beverages were to be served as "wet" and not prohibited by charter or ordinance. The alcoholic beverage code provides that:

> (a) The county clerk of the county in which an application for a permit is made shall certify whether the location or address given in the application is in a wet area and whether the sale of alcoholic beverages for which the permit is sought is prohibited by any valid order of the commissioners court.

TEX. ALCO. BEV. CODE ANN. § 11.37 (Vernon 2007).

The proceeding at issue here involved only the trial court's review of the decisions of the Board of Adjustments, and the trial court's review is limited to the legality of the Board of Adjustments' determination. *See Vanesko,* 189 S.W.3d at 771. The Board of Adjustments' decision involved a building permit to create a food and beverage establishment in an existing motel, and Sea Mist claims there was an "error in a staff decision concerning the TABC Certificate signed by the Assistant City Secretary to the Café on the Beach since it is contrary to the Town of South Padre Island's zoning ordinance."

We hold that there were facts upon which the Board of Adjustments could have made its decision to allow the permit and the sale of alcohol, and that Sea Mist has not shown that the Board's decision is illegal. The Board of Adjustments had evidence before it that there were more than twelve units in the Palms and that the zoning requirements under those circumstances allowed cafes and businesses similar to cafes. It also had before it a letter from a Town of South Padre Island official who stated that there are premises zoned as District "B" that have historically been used as bars and restaurants.

5

Sea Mist argues that there is a town ordinance that defines a nightclub as "any business holding a mixed beverage permit from the Texas Alcoholic Beverage Commission," and that the proper district to place a nightclub is District "C." Thus, Sea Mist claims that the café could only operate in a part of the town designated as District "C." However, we have searched through the record and find nothing to support this claim. Sea Mist does not include a copy of the ordinance as part of the evidence supporting its summary judgment motion, nor does it support its claim with documentation in the record or references in the record to support this claim. We are unpersuaded by mere assertions.

Sea Mist also urges that by allowing the café to serve alcoholic beverages, it has engaged in "spot zoning." It urges that "spot zoning" is not allowed in Texas and argues that "allowing a night club in zone 'B' residential district creates an unlawful spot zone." The term "spot zoning," as defined in Texas law, connotes "an unacceptable amendatory ordinance that singles out a small tract for treatment that differs from that accorded similar surrounding land without proof of changes in condition." *City of Pharr v. Tippit*, 616 S.W.2d 173, 177 (Tex. 1981). It is regarded as preferential treatment that defeats an already established comprehensive plan. *Id.*

There was no evidence in the record before us, however, that any tract has been singled out for treatment that differs from similar surrounding property. In fact, as previously discussed, the evidence showed that, historically, similar businesses zoned District "B" had been allowed permits to sell alcoholic beverages. The trial court, acting in a quasi-judicial capacity, did not err in denying Sea Mist's motion for summary judgment and in upholding the decision of the Board of Adjustments. We overrule issue one.

6

By its second issue, Sea Mist complains that the trial court erred in dismissing its declaratory judgment action. In its pleadings, Sea Mist requested that the trial court declare whether a café that sells mixed drinks is a nightclub and whether a café located inside a motel located in District "B" should be open only to motel guests or the public generally. Sea Mist pleaded that the trial court should answer the above issues affirmatively and declare that the use of the Palms' property is illegal. Palms urged, by a motion to dismiss, that the declaratory judgment was merely an attempt to subvert section 211.011 of the local government code, which provided the sole remedy for persons challenging a board of adjustment proceeding. A declaratory judgment is appropriate when there is a justiciable controversy about the rights and status of the parties, and a declaration would resolve the controversy. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995).

The issues that were presented to the Board of Adjustments, and to the trial court by writ of certiorari, were the actions of the Board of Adjustments taken on September 5, 2006, namely the Board of Adjustments' decision to allow the building permit to go forward and to uphold the decision concerning the execution of a TABC form by the city secretary certifying that alcohol could be sold at the café located in the Palms. The requested declarations sought in Sea Mist's declaratory judgment act were subsumed and rendered moot by the Board of Adjustments' ruling. It is clear that the legislature intended appeals of Board of Adjustments' decisions to be brought through a petition for writ of certiorari. *Lamar Corporation v. City of Longview*, 270 S.W.3d 609, 614 (Tex. App.–Texarkana 2008, no pet.). Whether a café that sells mixed drinks is a nightclub would make no difference in light of the Board of Adjustments' decision that alcohol had historically been served at

7

premises zoned as District "B."  That issue was decided by the Board of Adjustments and was reviewed by the trial court in the writ of certiorari.  Additionally, a decision with respect to whether a café inside a motel should be open only for the motel guests and not the public was included within the decision made by the Board of Adjustments in interpreting section 20-7 to allow condominiums, hotels and motels with more than twelve units to have within the premises such businesses as cafes and other similar businesses that exist for the convenience of the occupants of the building and is an integral part of the services of such hotel or condominium.  The trial court did not err in dismissing the declaratory judgment action because the issues were subsumed within the Board of Adjustments' rulings of September 5, 2006.  We overrule issue two.

## IV. Conclusion

The judgment of the trial court is affirmed.


ROSE VELA
Justice


Delivered and filed the
15th day of July, 2010.

8